UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICARDO ZELIDON,

      Plaintiff,

v.                                                    Case No. 8:20-cv-190-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

      Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

### A.    **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 198-207). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 71-78, 79-86, 89-101, 102-114). Plaintiff then

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

requested an administrative hearing (Tr. 140-41).  Per Plaintiff's request, the ALJ

held a hearing at which Plaintiff appeared and testified (Tr. 38-65).  Following the

hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and

accordingly denied Plaintiff's claims for benefits (Tr. 15-36).  Subsequently, Plaintiff

requested review from the Appeals Council, which the Appeals Council denied (Tr.

1-9).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is

now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

###### B.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, claimed disability beginning October 8, 2015

(Tr. 198, 204).   Plaintiff obtained an eleventh-grade education (Tr. 42, 220).

Plaintiff's past relevant work experience included work as a conveyor feeder-

offbearer and sales route driver (Tr. 59-60).   Plaintiff alleged disability due to

diabetes, high blood pressure, diabetic neuropathy, insomnia, herniated disc in his

lower back, and neck pain (Tr. 71-72, 79-80, 89, 102).

In rendering the administrative decision, the ALJ concluded that Plaintiff

met the insured status requirements through December 31, 2020 and had not

engaged in substantial gainful activity since October 8, 2015, the alleged onset date

(Tr. 20).  After conducting a hearing and reviewing the evidence of record, the ALJ

determined Plaintiff had the following severe impairments: diabetes mellitus,

diabetic neuropathy, hypertension, obesity, spine disorder, anxiety, and depressive

disorder (Tr. 20).  Notwithstanding the noted impairments, the ALJ determined

Plaintiff did not have an impairment or combination of impairments that met or

medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 22).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff was limited to lifting up to 20 pounds occasionally and 10 pounds frequently; standing and walking for about six hours and sitting for up to six hours in an eight-hour workday with normal breaks; limited to occasional climbing of ladders, ropes, or scaffolds; occasional crouching; occasional crawling; frequent balancing; frequent climbing of ramps or stairs; limited to frequent exposure to extreme cold, extreme heat, wetness, humidity, and vibration; limited to frequent use of moving machinery and exposure to unprotected heights; and limited to short and simple instructions and tasks in a routine work setting (Tr. 24-25).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 25-26).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 30).  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a marker, a silver wrapper, and an advertising material distributor

(Tr. 31).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 32).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The SSA, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and

whether the claimant can perform his or her past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (citation omitted).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates

reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by failing to properly consider Plaintiff's subjective complaints about his inability to stand and walk because of pain. As an initial matter, Plaintiff's subjective complaints will not alone establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a). Plaintiff has the burden of providing sufficient evidence to support allegations of disabling pain or other symptoms. 20 C.F.R. §§ 404.1529(a), 416.929(a).

To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). If a claimant shows an underlying mental or physical impairment that could reasonably expected to produce the alleged subjective complaints, the ALJ "must evaluate the intensity and persistence" of those symptoms affect the claimant's ability to do work. 20 C.F.R. §§ 404.1529(c),

416.929(c).   In considering a claimant's subjective complaints, the ALJ may consider whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence.  20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

If the ALJ discounts Plaintiff's testimony about subjective complaints after finding a medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms, he must "articulate explicit and adequate reasons" for doing so.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam)).  A reviewing court will not disturb a clearly articulated credibility finding regarding a claimant's subjective complaints supported by substantial evidence in the record.  *Foote*, 67 F.3d at 1562 (citation omitted).

The ALJ properly discounted Plaintiff's subjective complaints about his inability to stand and walk because of pain, and the ALJ's conclusion is supported by substantial evidence.  The ALJ stated that Plaintiff's medically determinable impairments can reasonably be expected to cause his claimed symptoms, yet the intensity and persistence of Plaintiff's symptoms as he alleges them are inconsistent with medical evidence in the record (Tr. 25).  The ALJ found that Plaintiff's statements about his impairments were not supported by his medical records and other evidence in the record (Tr. 25-26).

At the hearing, Plaintiff testified that he could not stand in one place for more than fifteen minutes and could walk only about half a block (two streets) because of

7

his pain (Tr. 54-55).   Plaintiff also testified that he has diabetic neuropathy which resulted in diabetic ulcers on his feet caused him further pain (Tr. 45).   Plaintiff testified that those ulcers are closed right now after six months of wound care and elevating his feet (Tr. 46).   Although Plaintiff contends the medical records supports his subjective complaints about his inability to stand and walk because of pain, the medical records do not support Plaintiff's assertions.

As the ALJ noted, medical records before the alleged onset date show Plaintiff experienced back issues such as herniated discs (Tr. 26, 283-86).   In November 2015, Plaintiff was evaluated by emergency services following a motor vehicle accident.   Although Plaintiff complained of neck pain, the doctors noted Plaintiff's spine was normal with no tenderness and range of motion in his spine was not limited, and Plaintiff had also full range of motion of his extremities (Tr. 446).

At a consultative exam in January 2017, even though the doctor noted Plaintiff's back was slightly tender and had limited forward flexion of the spine, the doctor also noted that Plaintiff had normal gait, could get up and down from the chair and examining table easily, could walk heel to toe normally, and had normal extension and rotation of the back and spine (Tr. 479). The doctor noted that Plaintiff had normal range of motion in other joints and great motor strength in all his extremities (Tr. 479).

Throughout the alleged period of disability, Plaintiff routinely saw his primary care doctor.  Despite some lumbar tenderness at some primary care doctor

8

visits (Tr. 640, 642, 645, 648, 651, 657, 659, 662, 666, 669, 672, 675), Plaintiff's primary care doctor noted that Plaintiff had normal gait and balance with full range of motion in all joints (Tr. 619, 622, 625, 628, 631, 634, 637, 640, 642, 645, 648, 651, 657, 659, 662, 666, 669, 672, 675, 679, 681, 683, 686, 689, 692, 695, 698). Although Plaintiff's primary care doctor also noted decreased sensation in Plaintiff's feet from diabetic neuropathy, Plaintiff's deep tendon reflexes remained intact (*See* Tr. 619, 622, 625, 628, 631, 634, 637, 640, 642, 645, 648, 651, 657, 659, 662, 666, 669, 672, 675, 679, 681, 683, 686, 689, 692, 695, 698).  Plaintiff also sought podiatric treatment for the ulcers on his feet in June and July 2017, and the notes showed Plaintiff had normal gait and improvement of the ulcers on his feet (Tr. 491, 499).

As for Plaintiff's treatment regimen for back pain, the ALJ highlighted the fact that Plaintiff's subjective complaints were inconsistent with the type of treatment Plaintiff received, noting that Plaintiff responded well to conservative treatment—prescription medication (Tr. 26, 232, 244).  Such conservative treatment for Plaintiff's back pain supports the ALJ's finding that Plaintiff's subjective complaints were not as severe as alleged and did not support a finding of disability. *See Sheldon v. Astrue*, 268 F. App'x 871, 872 (11th Cir. 2008) (per curiam) ("A doctor's conservative medical treatment for a particular condition tends to negate a claim of disability."); *see also Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 869 (11th Cir. 2019) (per curiam) (finding that ALJ properly considered that claimant's

treatment had only conservative for her degenerative disc disease in discounting the claimant's subjective complaints).

In evaluating a claimant's subjective complaints, the ALJ may also consider the claimant's daily activities. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Conner v. Astrue*, 415 F. App'x 992, 995 (11th Cir. 2011) (per curiam) ("A claimant's daily activities may be considered in evaluating and discrediting a claimant's subjective complaints") (citation omitted); *see Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987) (considering the ability to perform such tasks as dialing a phone, writing, opening a door, buttoning, and unbuttoning in finding that a plaintiff retained the ability to perform sedentary work); *but see Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (stating that "[n]or do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability or is inconsistent with the limitations recommended by [the claimant's] treating physicians."). At the hearing, Plaintiff testified that he could drive a car, shop at stores, wash dishes, do his own laundry, and attend Alcohol Anonymous meetings almost daily (Tr. 47, 52-53). In his "Function Report," Plaintiff stated that he makes his daily meals, does household chores, including laundry and vacuuming, and can go out alone, often driving himself (Tr. 250-51). In both of his Supplemental Pain Questionnaires, Plaintiff explained that despite his pain, he can cook/prepare meals, drive himself, do household chores, including laundry, and can go shopping (Tr. 231-32, 244-45). The ALJ properly considered

Plaintiff's daily activities in discounting his subjective complaints about his inability to stand and walk due to pain.

The ALJ articulated explicit and adequate reasons for finding Plaintiff's subjective complaints about his inability to stand and walk because of pain as not entirely consistent with the record.  Thus, the ALJ applied the proper legal standard, and the decision is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is AFFIRMED.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 21st day of September, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

11